BERNARD H. AND EVELYN B. SOBOL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sobol v. Commissioner
Docket No. 28474-92
United States Tax Court
T.C. Memo 1995-251; 1995 Tax Ct. Memo LEXIS 253; 69 T.C.M. (CCH) 2840; June 12, 1995, Filed *253 Decision will be entered under Rule 155. Bernard H. Sobol and Evelyn B. Sobol, pro se. For respondent: Julia L. Wahl
TANNENWALD
TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined deficiencies in, and additions to, petitioners' Federal income taxes as follows: 1987
Additions to Tax
Deficiency
Sec. 6653(a)(1)(A) n1[1]
Sec. 6653(a)(1)(B)
Sec. 6661
$ 95,632.93
$ 4,781.65
50% of the interest
$ 23,908.23
due on deficiency
1988
Deficiency Sec. 6653(a)(1)
Sec. 6661 $ 24,354.64
$ 1,217.73
$ 6,088.66
After concessions by the parties, including respondent's concession on brief of the section 6653 additions to tax, the issues remaining for decision are: (1) The proper allocation of net operating losses for the purpose of the alternative minimum tax for the taxable years at issue; and (2) whether petitioners are liable for additions to tax in respect of a substantial understatement of tax under section 6661. All of the facts have been stipulated and are so found. The stipulation of facts and the exhibits thereto are incorporated herein by this reference. Petitioners resided in Pittsburgh, Pennsylvania, at the time they filed *254 their petition herein. Petitioners had net operating losses in the taxable years 1979 through 1982 which, for the purpose of calculating their regular income tax, they carried back in part to the taxable years 1976, 1977, and 1978, and the balance forward to the taxable years 1983 and thereafter including the taxable years at issue. For the purpose of calculating their alternative minimum tax under secs. 54-59, petitioners did not carry back their net operating losses for 1979 through 1982, as respondent determined they should, but carried those losses forward in their entirety to the subsequent taxable years. As a consequence, for the purpose of the alternative minimum tax, petitioners had greater net operating losses and lesser amounts of income subject to that tax in the years at issue than would have been the case if the carryback of these losses to the pre-1983 taxable years were taken into account. Petitioners did not waive their carryback rights under section 172(b). The amounts of the net operating losses are not in dispute. Petitioners contend that their treatment of their net operating losses for the purpose of the alternative minimum tax is correct and that respondent's *255 determination constitutes an unjustified attempt to apply the alternative minimum tax retroactively. Respondent counters that no retroactive application of the alternative minimum tax is involved and that to the extent that petitioners used the pre-1983 net operating losses as carrybacks to earlier years, for the purpose of calculating their regular income tax, those losses should be eliminated from consideration as carryforwards to later years in respect of both the regular income tax and the alternative minimum income tax. For the reasons hereinafter set forth, we agree with respondent. The alternative minimum tax, as applied to noncorporate taxpayers, was originally enacted by the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2763, 2871, effective for taxable years beginning after December 31, 1978. It was subsequently modified principally by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 411, and by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2320. Section 172(a) allows a deduction, which is defined as "net operating loss deduction" for net operating loss carryovers and carrybacks to the taxable year. The carryback period *256 is 3 taxable years and the carryforward period is 15 taxable years from the year of the loss. Section 55 imposes a tax based on "alternative minimum taxable income", which is defined in subsection (b) as follows: (2) Alternative Minimum Taxable Income. -- The term "alternative minimum taxable income" means the taxable income of the taxpayer for the taxable year -- (A) determined with the adjustments provided in section 56 and section 58, and (B) increased by the amount of the items of tax preference described in section 57. * * *
There is no question, and petitioners do not contend otherwise, that to the extent that a net operating loss has been utilized as a carryback, it may not be carried forward as a deduction in calculating taxable income subject to the regular income tax for a subsequent taxable year. Such being the case, only those portions of net operating losses which petitioners were unable to use in 1976, 1977, and 1978 were available for use in subsequent years in calculating "taxable income".[2]Since used net operating losses are not among the items for which adjustments are provided in section 55(b)(2), they cannot be taken into account in calculating "alternative *257 minimum taxable income". Cf. Holden v. Commissioner, 98 T.C. 160 (1992). See also Plumb v. Commissioner, 97 T.C. 632, 638 (1991). Petitioners' argument in respect of retroactivity is totally misplaced. Respondent is not seeking to impose the alternative minimum tax for years prior to the time when that tax went into effect. Respondent has simply determined the "alternative minimum taxable income" to which the alternative minimum tax applies for the years before us. We think the statutory language clearly supports respondent's determination. Moreover, while there is no legislative history directly in point, there are several indications which support this position. First, in enacting Pub. L. 97-248, Congress provided a transitional rule in then section 55(d)(2)(B) whereby pre-1983 unused net operating losses could be carried forward in computing alternative minimum taxable *258 income. [3] See S. Rept. 97-494, at 111 (1982); see also supra note 2. Clearly, if Congress had considered it appropriate for pre-1983 used net operating losses to be taken into account, it would have so provided in the transitional rule. Second, at the time of the 1982 modifications, the Senate Finance Committee specified that a minimum tax net operating loss was to be treated as having been used to reduce alternative minimum tax income for a carryover year whether or not the taxpayer was subject to the alternative minimum tax for that year. S. Rept. 97-494 supra. Third, when the provisions of the alternative minimum tax were extended to corporate taxpayers by the Tax Reform Act of 1986, supra, the Report of Staff of the Joint Committee on Taxation, General Explanation of the Tax Reform Act of 1986, 469 (J. Comm. Print 1987), contained the following statement: Where, in the *259 case of a corporation, an NOL arises in a taxable year beginning after December 31, 1986, and is carried to another taxable year, the NOL must be reduced by the corporation's taxable income for any taxable year beginning before 1987 to which the NOL was carried back under the regular tax system, notwithstanding that the alternative minimum tax was not applicable in those years. * * * [4]
This statement was apparently based on language in the Senate Finance Committee report that reiterated the position the committee had taken in 1982. S. Rept. 99-313 at 538 (1986), 1986-3 C.B. (Vol. 3) 538. Petitioners also rely on section 1.172-1(e), Income Tax Regs., which provides: (e) Law applicable to computations. (1) In determining the amount of any net operating loss carryback or carryover to any taxable year, the necessary computations *260 involving any other taxable year shall be made under the law applicable to such other taxable year. (2) The net operating loss for any taxable year shall be determined under the law applicable to that year without regard to the year to which it is to be carried and in which, in effect, it is to be deducted as part of the net operating loss deduction. (3) The amount of the net operating loss deduction which shall be allowed for any taxable year shall be determined under the law applicable to that year.
The focus of this regulation, and section 172(e) which it implements, is on the determination of the amount of any carryover and not the year or years to which it is to be allocated. Moreover, it deals with such carryover in the context of the determination of "taxable income" for the purpose of the regular income tax -- a determination whose basis for calculation has not changed, insofar as the issue before us is concerned, with respect to any of the years involved herein. Thus, petitioners' reliance on section 1.172-1(e), Income Tax Regs., is misplaced. With respect to the addition to tax under section 6661, [5] it seems clear that petitioners have understated their tax *261 liability for each year before us by more than $ 5,000. Section 6661 provides both a substantial authority and a disclosure requirement in order to avoid the addition to tax. Petitioners have failed to provide any substantial authority for their position. Furthermore, they failed to disclose on their returns any facts upon which their treatment of their net operating losses in respect of the alternative minimum tax was based. Consequently, the addition to tax under section 6661 applies. Petitioners' claimed reliance on professional advice (as to which there is no proof in the record other than a return preparer's signature) is unsubstantiated. In order to take into account the concessions of the parties. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code in effect for the year in issue.↩
2. Respondent has allowed such use in calculating the deficiencies herein.↩
3. A similar provision is now contained in sec. 56(d)(2)(B)↩, in respect of the carryover of pre-1986 net operating losses.
4. The view has been both supported and criticized by the commentators. See Lathrope, The Alternative Minimum Tax, par. 6.11[3][f], at 6-93 to 6-95 (1994).↩
5. The sec. 6661↩ addition to tax is now incorporated in the accuracy-related penalty provisions of sec. 6662.